UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GRANT HAYMORE, | No. 2:24-cv-2988 DJC AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff brings suit against United States of America, stating the complaint is brought pursuant to the Federal Tort Claims Act. ECF No. 1 at 1. Plaintiff declares that "the Government of the United States of America, is complicit in upholding a complex system of 'debt slavery' and 'prosperity suffocation.'" Id. at 2. Plaintiff asserts that several of his Constitutional Rights have been violated by the United States Government and, specifically, the Judicial Branch. Id.

Plaintiff includes a preface to the complaint that contains language about the beginning of the United States and references to God and the Bible.  For example, plaintiff writes: "I stand before you a Sinner and the one who has borne shame since I was a child I've never had a home though I was born in America I've been fatherless even though I have a father, I am childless and I am a widower because of sin and because of shame.  I don't want to win this lawsuit I don't certainly ask for a reward that is not rewarded by justice.  I will win this lawsuit I already have won, because I know right from wrong and it is a simple and a straight and narrow path." Id. at 6.

The complaint goes on for several more paragraphs referencing the United States Government, the Bible, and portions of American history dating back to the Revolutionary War. ECF No. 1 at 6-8.  Plaintiff goes on to state, "if you do not know or you dispute that the creator is Christ then you don't need to touch this case and you need to recuse yourself and Oregon read the book of John the beloved, also known as John the divine." Id. at 7.  He concludes, "That doesn't mean with this lawsuit we're going to change the world but it is necessary that we begin to repent that we begin 2 recognize who our God is and not forget because without God there is no justice without God there is no right or wrong without God there is no thing neither can be a thing neither can anything exist without God yet we assume 2 judge ourselves our people and other nations without God." Id. at 8.

Under "Causes of Action," plaintiff states that his first cause of action is for Negligence and Violation of the Fifth Amendment, and states that this case is brought as a crossclaim to Douglas v. The Ezralow Company LLC, et. al., Case No. 2:24-cv-0331 KJM CKD, in which he and his mother are the plaintiffs.  ECF No. 1 at 8-9.  Plaintiff goes on to detail the problems with the adjudication of that case, stating that he is forced to recuse Judge CKD and file this lawsuit, among others.   Plaintiff states his third and fourth cases of action are also for negligence and violation of the Fifth Amendment in relation to another case, Haymore v. Amazon.com, Inc., Case No. 2:24-cv-0729 TLN SCR, in which he alleges that court made many errors.  ECF No. 1 at 15-16.  Plaintiff writes, "The average American would never come to any court to receive justice or to hope for justice because of the relationship between the judicial branch and the citizens not only that the legislative branch and the executive branch are all corrupt.  We are

subjects to this government and we are slaves and this government holds powers and exercises powers over citizens as if it were a God. The judicial system is filled with Vipers and the fact that the only way to pursue justice is to come through this convoluted and frankly archaic system where nobody wants to help you and also treats you like garbage when they can't even do their job evidently as expressed in this complaint I am recusing a judge . . . I have come here so that my rights will be magnified-but instead my rights are diminished by the actions of these employees and the entire pseudo loftiness of this establishment." Id. at 20. Plaintiff demands a jury trial and seeks $33 billion dollars in compensatory damages and $70 billion dollars in exemplary damages. Id. at 28.

### C. Analysis

This complaint must be dismissed because it is factually frivolous. A complaint is "frivolous" within the meaning of § 1915(e)(2)(B)(i) only if it lacks an arguable basis in law or fact. Neitzke, 490 U.S. at 325. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 328. "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. As explained by the United States Supreme Court,

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, 109 S.Ct., at 1833, a category encompassing allegations that are "fanciful," id., at 325, 109 S.Ct., at 1831, "fantastic," id., at 328, 109 S.Ct., at 1833, and "delusional," ibid. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.

Denton v. Hernandez, 504 U.S. 25, 32–33(1992). Factually frivolous claims are defined as "clearly baseless," which includes "fanciful," "fantastic," and "delusional." Id.

Having thoroughly reviewed the complaint, the undersigned concludes that the allegation are irrational with no basis in law or fact. The complaint is a generalized rebuke of the United

4

States Government and the judicial system for their failure to follow Biblical mandates.  The references to constitutional violations and negligence with respect to other cases not before the undersigned are incoherent.  The complaint lacks a basis in law or fact, and the court accordingly finds the complaint frivolous.  For this reason, the complaint must be dismissed.

## II.  Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.

## III.  Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed, because the facts in your complaint do not state a claim under the Federal Tort Claims Act or any other law.  You may object to this recommendation within 21 days if you wish to do so.  The District Judge will make the final decision as to whether this case can proceed.

## IV.  Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED because it is frivolous, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's

////

////

////

order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 1, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE